**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ARTHUR N. WRIGHT,
D.O.C. # 039308,**

    **Plaintiff,**

vs.                                                      Case No.  4:24cv299-MW-MAF

**SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, initiated a case in this Court by submitting a document entitled: "Petition for Extraordinary Writ Addressing Violations of First Amendment."  ECF No. 1.  Because Plaintiff indicated that his First Amendment rights were violated, and because he was not seeking release from prison, an Order was entered noting that this case is more appropriately construed as a civil rights action.  ECF No. 3.  Further, the Order informed Plaintiff that if he wanted to proceed with this case, he must do two things - (1) file a proper complaint on the Court's civil rights complaint form and (2) either file an in forma pauperis motion if entitled to

do so, or pay the filing fee of $405.00.  ECF No. 3.  Plaintiff has now submitted an in forma pauperis motion, supported by copies of Plaintiff's inmate bank account statement for the six (6) month period immediately preceding the filing of the complaint and a signed prisoner consent form.  ECF No. 4.  Plaintiff also submitted an "amended petition for extraordinary writ" or, in the alternative, a motion for an extension of time.  ECF No. 5.

Plaintiff did not, however, file a proper complaint as required.  Doing so, notably, would have required Plaintiff to answer questions concerning his litigation history and identify any cases previously dismissed for the reasons listed in the in forma pauperis statute; that is, because the action or appeal was " frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  The Court has an obligation to determine if a Plaintiff is entitled to in forma pauperis status and, therefore, the Court has independently reviewed Plaintiff's litigation history.

The Court takes judicial notice that Plaintiff filed case number 1:96cv1586-DMM in the United States District Court for the Southern District of Florida.  Defendants' motion to dismiss was granted in August of 1997 because Plaintiff's complaint failed to state a claim.  ECF Nos. 29, 40, 42 of that case.  That dismissal counts as a strike.

Plaintiff also filed case number 6:03cv283 in the United States District Court for the Middle District of Florida in March 2003. That Court denied Plaintiff's motion for in forma pauperis status and found his complaint failed to state a claim. ECF No. 5 of that case. That dismissal counts as Plaintiff's second strike.

Plaintiff then filed a notice of appeal, ECF No. 6, of the order of dismissal. Plaintiff's appeal was dismissed as frivolous. ECF Nos. 10-11. That dismissal also counts as a strike. Importantly, it is Plaintiff's third strike which means that pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to in forma pauperis status absent sufficient factual allegations to show that he faces imminent danger of serious physical injury.

First, the Court has confirmed those cases were filed by Plaintiff while he was a prisoner because Plaintiffs inmate number has been the same in all cases and the docket for those courts confirm that Plaintiff was incarcerated within the Florida Department of Corrections at that time.

Second, even though those cases were filed many years ago, Plaintiff has more recently been advised that he has "three strikes" and is not entitled to in forma pauperis status. That is because Plaintiff filed case number 4:17cv463-WS-GRJ in this Court in 2017. It was dismissed

pursuant to the "three strikes" bar of § 1915(g).  ECF Nos. 12, 15.  Plaintiff is, thus, well aware that he is not entitled to proceed with in forma pauperis status.

Third, Plaintiff has not shown that he faces imminent danger such that he can proceed with this case.  Plaintiff complains about events from the past, not recent events, *see* ECF No. 5, and he complains about First Amendment violations, not imminent danger.  *See* ECF No. 1.  Therefore, Plaintiff is not entitled to proceed with in forma pauperis status.

This case should be dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and Plaintiff is not entitled to pay the filing fee in deferred monthly payments. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling the action if Plaintiff simultaneously submits the $402.00 filing fee and Plaintiff's motion for in forma pauperis status, ECF No. 4, be **DENIED**.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 26, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv299-MW-MAF